NORMAN WILLIAM PROPES *v.* STATE OF INDIANA.

[No. 378S48. Filed November 27, 1978.]

*John W. Doehrman,* of Jeffersonville, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert J. Black,* Deputy Attorney General, for appellee.

PIVARNIK, J.—Appellant Propes was convicted of conspiracy to commit a felony and first-degree murder at the conclusion of a jury trial in the Clark Circuit Court on November 16, 1977. For the crime of conspiracy, appellant was sentenced to a term of two to fourteen years imprisonment. For the crime of first-degree murder, appellant was sentenced to life imprisonment.

Three alleged errors are presented in this appeal: (1) whether photographs of the decedent were erroneously admitted into evidence; (2) whether the verdicts on both counts are supported by sufficient evidence, and; (3) whether it was erroneous to convict and sentence appellant on both counts.

## I.

Appellant first argues that four color photographs, of the body of the decedent at the time of autopsy, were erroneously admitted into evidence. These pictures portray bullet wounds in the decedent's body, which body had been cleaned of blood. They were identified by a state trooper who witnessed the autopsy. Photographs may be admitted where testimony concerning that which they depict would be proper, and their relevance is determined by inquiry as to whether a witness would be permitted to describe verbally the subject of the photographs. *Murphy* v. *State,* (1977) 267 Ind. 184, 369 N.E.2d 411, 416. Testimony about these wounds would have been proper, and thus these photographs were properly admitted.

## II.

Appellant next challenges the sufficiency of the evidence as to both his convictions of conspiracy and first-degree murder. The evidence shows that appellant agreed, to one Jack Webb, that he could kill a person for $8,000. Webb then told appellant that one Georgia Schmitt wanter her father-in-law, Eugene Schmitt, killed. Webb, appellant, and others then scouted a mobile home lot, believing they had found where Schmitt lived, on the basis of a pickup truck parked in front of a mobile home. Three days later, appellant and the others returned to this locale, and appellant knocked on the door of the mobile home they believed to be Schmitt's. Decedent Joseph Duvall came to the door, and was killed by several shots fired by appellant. This evidence is sufficient to sustain the verdict of the jury on both counts.

## III.

Appellant finally argues that it was erroneous to convict and sentence him on both the counts of conspiracy to commit

a felony and first-degree murder. In essence, this argument is that under the operative facts of this case, conspiracy was a lesser-included offense of first-degree murder. Such a claim is no more, and no less, than a claim of a violation of the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution, which, among other things, prohibits multiple punishment for the same offense. The test for whether or not separate sentences may be imposed upon multiple counts is determined by whether the offenses charged are themselves the same, not by whether they all arose from the same criminal act or course of conduct. *Elmore* v. *State,* (1978) 269 Ind. 532, 382 N.E.2d 893. The two offenses herein, conspiracy under Ind. Code § 35-1-111-1 (Burns 1975), and first-degree murder under Ind. Code § 35-13-4-1 (Burns 1975), each require proof of additional facts which the other does not, and are not lesser included offenses of each other. It was thus entirely appropriate to convict and impose sentences upon each count. *Elmore* v. *State,* (1978) 269 Ind. 532, 382 N.E.2d 893; *Diggs* v. *State,* (1977) 266 Ind. 547, 364 N.E.2d 1176.

The judgment of the trial court is affirmed.

All justices concur.

NOTE.—Reported at 382 N.E.2d 910.