Jerry TURNER, Appellant,

v.

STATE of Indiana, Appellee.

No. 878S161.

Supreme Court of Indiana.

July 21, 1980.

Michael D. O'Neall, O'Neall & O'Neall, Crawfordsville, for appellant.

Theodore L. Sendak, Atty. Gen., Joel Schiff, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted of first degree murder and commission of a robbery while armed with a deadly weapon. He was sentenced to life imprisonment for the murder conviction and 30 years for the commission of robbery while armed with a deadly weapon.

The victim, Russell Foxworthy, was discovered lying facedown in his barnyard on August 9, 1977. He died of multiple gun-

shot wounds. The victim's billfold and several pieces of identification were missing.

On August 23, 1977, appellant was arrested in his automobile. Appellant was held at the scene for approximately one-half hour before being transported to the Montgomery County Jail. After signing a waiver of rights form, the appellant was questioned by the sheriff and a State Police Officer. The interrogation ended when appellant stated that he was tired. He was placed in a cell and allowed to sleep. After eating breakfast at 7:00 a. m., and returning to sleep, he was again questioned at approximately 11:00 a. m. Turner again signed a waiver of rights form. He then confessed that he had shot Mr. Foxworthy. The appellant led the police to the locations of the weapon and the victim's billfold. After returning to the police station, the appellant gave both an oral and a written statement which were preceded by signing a waiver of rights form. Mr. Turner appeared in court at approximately 11:30 a. m. on August 24, 1977.

Appellant claims the trial court erred in overruling his motion to suppress all evidence of statements and confessions made by him and all tangible or testimonial evidence obtained through information or knowledge gained from his statements or confessions. He also claims error in the introduction of such evidence at the time of his trial over his objection.

■ In determining whether a statement was voluntarily given we consider the surrounding circumstances. *Ortiz v. State* (1976) 265 Ind. 549, 356 N.E.2d 1188. A statement must not be induced by any violence, threats, promises or any other improper influences. *Ortiz, supra.* In viewing the voluntariness of a confession we do not weigh the evidence. If there is sufficient evidence to support the trial court, we will not disturb the ruling of admissibility.

■ Appellant argues he was under the influence of drugs at the time of the confession. Statements and confessions taken while a defendant is intoxicated may be inadmissible. This Court has previously stated:

"If an individual's 'will was overborne' or if his confession was not 'the product of a rational intellect and free will' his confession is inadmissible because coerced. These standards are applicable whether a confession is a product of physical intimidation or psychological pressure and, of course, are equally applicable to a drug-induced statement."

*Townsend v. Sain* (1963) 372 U.S. 293, 307, 83 S.Ct. 745, 754, 9 L.Ed.2d 770, 782.

Of critical importance is the degree of impairment of mental faculties. *Rodgers v. State* (1979) Ind., 385 N.E.2d 1136. Appellant had consumed approximately six beers and smoked marijuana during the day of the murder. His first incriminating statement was made nearly ten hours after being taken into custody. He had eaten and slept before his statement. Furthermore, Turner explicitly stated that he did not feel that he was under the influence of intoxicants when he gave the statement. We therefore hold there is sufficient evidence in this record to support the decision of the trial court that appellant was not sufficiently impaired by intoxication to void his confession.

■ Appellant further claims that his fatigue, concern for potential probation revocation, headache or disorientation should be considered in the examination of the circumstances surrounding his confession. While it is true that all of these things may be considered in such a circumstance, there is nothing in this record to indicate the existence of any of these factors or a combination thereof to the extent necessary to impair his confession.

■ Appellant next argues that the confession was inadmissible because his Sixth Amendment rights to counsel were violated. Once a defendant requests counsel during an interrogation, all questioning must cease. This is so even if the defendant had previously waived his rights to counsel. *Pirtle v. State* (1975) 263 Ind. 16, 323 N.E.2d 634. However the case at bar is distinguishable from *Pirtle, supra.* In *Pirtle* the defendant emphatically requested

counsel. In the case at bar appellant signed waiver forms on two different occasions, then at one point during interrogation, he stated that he "might want to speak to an attorney" before talking about the Foxworthy murder. The officer replied that conferring with counsel was a decision Turner would have to make. At that point Turner made no request for an attorney and continued to discuss the happenings of the day before with the officer. They generally discussed the amount of beer and marijuana appellant consumed on the day before, and the places where he had been. At a later time during the conversation the appellant told the officer that he, in fact, did kill Mr. Foxworthy. We hold that appellant's comment concerning an attorney, followed by his voluntary conversation with the police officer, does not rise to the stature of a violation of his Sixth Amendment rights. He had been fully advised of his right to counsel and his right to remain silent, and yet although he had mentioned the possibility of speaking to counsel, he did not follow his comment with a request for counsel nor did he choose to remain silent. This is not a case of police interrogation in the face of an attempt of a suspect to exercise his constitutional rights.

Appellant argues that another factor to be considered in the admissibility of his confession is the length of detention before his statement and before appearing in front of a magistrate. IC § 35–5–5–3 provides that:

"In any criminal prosecution by the state of Indiana, a confession made or given by a person who is a defendant therein, while such person was under arrest or other detention in the custody of any law-enforcement officer of law-enforcement agency, shall not be inadmissible solely because of the delay in bringing such person before a judge if such confession is found by the trial judge to have been made voluntarily and if the weight to be given the confession is left to the jury and if such confession was made or given by such person within six [6] hours immediately following his arrest or other detention:

"Provided, That the time limitation contained in this section shall not apply in any case in which the delay in bringing such person before a judge beyond such six [6] hour period is found by the trial judge to be reasonable, considering the means of transportation and the distance to be traveled to the nearest available judge."

 Detention beyond six hours does not make a confession inadmissible *per se.* *Williams v. State* (1976) 264 Ind. 664, 348 N.E.2d 623. In *Williams, supra,* the defendant was arrested without a warrant and without probable cause. The defendant was detained about 68 hours before confessing. In the case at bar the appellant was arrested on August 23, 1977, after a high speed chase. Upon stopping the appellant's vehicle, the officers found marijuana in open view in the automobile. There was probable cause for the arrest of the appellant. Appellant's first confession was made approximately ten hours after the arrest. The appellant had slept and eaten during this period. After making the statement to officers, the appellant accompanied them to locations where he had discarded articles belonging to the victim. On the morning of August 24, 1977, the appellant was taken before a magistrate. We hold this was not an unreasonable delay under the circumstances.

 Appellant also claims that an officer discussed the possibility of a charge of second degree murder with him if he confessed. A confession obtained through a promise of lesser punishment is inadmissible. *Ashby v. State* (1976) 265 Ind. 316, 354 N.E.2d 192. However, the officer testified in the suppression hearing that he "just told him (Turner) that he could be charged with either." [first or second degree murder] The officer also testified that he told appellant he could inform the prosecutor that appellant had cooperated. Appellant's testimony regarding this matter is as follows:

"Q. Did you talk about the differences between first and second degree murder?

"A. He said something about parole differences or something like that.

"Q. That was about it?

"A. Yes."

In instances such as the case at bar where there is conflicting evidence as to what representations were actually made, this Court will not disturb the finding of the trial court. *Timm v. State* (1976) 265 Ind. 537, 356 N.E.2d 222. We hold the trial court did not err in finding that no improper representations had been made to the appellant.

■ Appellant also urges totality of the circumstances surrounding the taking of his confession. After examination of this entire transcript concerning the circumstances surrounding the taking of the confession, we hold that these circumstances do not rise to the level necessary for reversal under constitutional standards. We hold the trial court did not err in ruling that the confession was voluntary and in overruling appellant's motion to suppress.

■ Appellant claims the trial court erred in admitting, over his objection, tangible evidence including the victim's billfold, clip and gun. Appellant argues these articles are inadmissible because they were discovered through information given during the taking of an illegal confession. In view of our ruling that the confession was not illegally obtained and was properly admitted, we hold that the evidence obtained through the confession was also properly admitted.

■ Appellant next claims the trial court erred in admitting testimony of two jail inmates concerning incriminating admissions made by appellant. He argues that had the illegal confession not been given and had he not been illegally detained, there would not have been a conversation about the case with inmates in the jail. Appellant attempts to draw an analogy to *Pirtle v. State, supra,* where police officers, while conducting an illegal search, encountered two of Pirtle's accomplices. The officers obtained statements from the accomplices implicating Pirtle. This Court remanded the case to the trial court with instructions to determine if the statements were "poison fruits" of an illegal search. In the case at bar, appellant's confession and detention have been determined to be legal; thus, his attempted analogy to *Pirtle* fails.

In *Leaver v. State* (1968) 250 Ind. 523, 237 N.E.2d 368, this Court held a note written by the defendant to a female prisoner containing the phrase "I am guilty," was properly admitted. The standard applied by the Court was whether the admission was given under threat or coercion. The Court further held that the *Miranda* decision is not applicable to statements given to persons that are not police officers. In the case at bar, appellant was under no coercion or threat to make statements to his cell mates. These cell mates were not governmental agents or police officers. Therefore we hold the statements were admissible in evidence.

■ Appellant alleges there was insufficient evidence to convict him of commission of a felony while armed. Appellant argues that he had no intention of committing robbery which is necessary to support the conviction of commission of a felony while armed. Appellant argues that only after the violence had occurred did he form any intent to take property from the victim's person. It is appellant's contention that the *mens rea* and the act carrying out the *mens rea* were not concurrent. We hold that the killing of Mr. Foxworthy and the taking of his billfold are facts from which the jury could reasonably infer intent to commit robbery from the beginning. *Riley v. State* (1979) Ind.App., 389 N.E.2d 367.

■ Appellant claims the trial court erred in sentencing him to consecutive terms for murder and intent to commit a felony while armed. Appellant argues that he was, in effect, sentenced twice for the same offense in violation of the constitutional prohibition cruel and unusual punishment. This Court has held that the sentences could not be imposed where one crime merged with the other as an included

offense. See *Coleman v. State* (1975) 264 Ind. 64, 339 N.E.2d 51; *Hudson v. State* (1976) 265 Ind. 302, 354 N.E.2d 164. Appellant argues that this reasoning should be applied to his case because the offenses committed share similar factual elements such as the same violence toward the person and state of mind. The essence of the proper test is whether the offenses each require the same proof to the extent that one merges with the other. See *Blockburger v. U. S.* (1932) 284 U.S. 299, 52 S.Ct. 180, 79 L.Ed. 306. If each offense requires proof of an additional fact that the other does not, double jeopardy prohibitions are not violated. *Inman v. State* (1979) Ind., 393 N.E.2d 767. In applying this test it is obvious that appellant is not being sentenced twice for the same offense.

In the alternative, appellant argues that the two counts charged in the information were separate and distinct. Therefore, consecutive sentencing violates the statutory limitation that "such term of imprisonment shall not run concurrently with any infringement that may be adjudged for any additional crimes being attempted or committed at the same time." IC § 35–12–1–1. Appellant cites *Bruce v. State* (1978) Ind., 375 N.E.2d 1042 to support his argument.

█ In *Bruce, supra,* the appellant was convicted of (rape) and commission of a felony while armed. The appellant had raped a woman, left for approximately one and one-half hours, returned and raped her again. This Court held that the two rapes were separate offenses. The case was therefore remanded to the trial court to modify the consecutive sentences to run concurrently. In the case at bar, the charges first degree murder and commission of a felony while armed, grew from the same criminal episode. The facts in this case adequately satisfy the statutory provision that the crimes be committed at the same time. Thus, the trial court was correct in holding the sentences run consecutively.

█ Appellant also claims he should be sentenced according to the criminal code which was in effect at the time of trial but was not in effect at the time the offenses were committed. In *Brandon v. State* (1979) Ind., 396 N.E.2d 365, 372, this Court stated:

"This Court has recently dealt with this issue and has clearly held that the new criminal code does not apply retroactively since it contains an express savings clause which provides that an offense committed prior to October 1, 1977, be prosecuted and punished under the old law. Acts 1977, P.L. 340, § 150(a), (b); *Davis v. State,* (1979) Ind., 395 N.E.2d 232; *Lynk v. State,* (1979) Ind., 393 N.E.2d 751; *Rogers v. State,* (1979) Ind., 383 N.E.2d 1035."

We therefore hold the trial court was correct in sentencing the appellant according to the law in force at the time the offenses were committed.

We find no reversible error in this case. We therefore affirm the trial court.

HUNTER, PIVARNIK and PRENTICE, JJ., concur.

DeBRULER, J., concurs in result without opinion.