**Steve Edward BUMGARDNER,**
**Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 480S105.**

Supreme Court of Indiana.

July 14, 1981.

Kenneth L. Anderson, Dyer, for appellant.

Linley E. Pearson, Atty. Gen., Jeff G. Fihn, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by jury of Robbery, Rape, and Deviate Conduct. He was sentenced to twenty years imprisonment for the robbery and fifty years, each, for the rapes and deviate conduct. The sentences were ordered to be served consecutively.

The record reveals that the appellant entered a craft shop, raped and forced the female employee to perform fellatio at knife-point. He also took the cash box and its contents. As he fled, appellant was viewed by the proprietors of a neighboring shop who noted the make and license number of the car. These two witnesses, as well as the victim, identified appellant at trial.

Appellant claims the trial court erred by denying his motion to suppress his statement given to the police. He argues the state failed to sustain its burden of proving the voluntariness of his confession beyond a reasonable doubt. In determining the voluntariness of a statement, we consider the circumstances surrounding the confession. *Turner v. State*, (1980) Ind., 407 N.E.2d 235; *Ortiz v. State*, (1976) 265 Ind. 549, 356 N.E.2d 1188. Factors relevant to this issue include whether violence, threats, promises or other improper influences induced the defendant to make the statement. *Turner, supra; Ortiz, supra.* I.C. 35–5–5–2 [Burns Repl.1979] directs the trial judge to weigh the following points:

"...(1) the time elapsing between the arrest and arraignment of the defendant making the confession, if it was made after arrest and before arraignment, (2) whether such defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of making the confession, (3) whether or not such defendant was advised or knew that he was not required to make any statement and that any such statement could be used against him, (4) whether or not such defendant had been advised prior to questioning of his right to the assistance of counsel, and (5) whether or not such defendant was without the assistance of counsel when questioned and when giving such confession."

In the case at bar, the appellant was apprehended as he escaped from the craft shop. His *Miranda* rights were read at the scene where he was arrested, as well as at the police department. Officer Szostek testified that upon appellant's request, four of the five officers left the room where appellant was sitting, decreasing the notion of intimidation. The investigative report was read to appellant, thereby informing him of the offenses of which he was suspected.

The sole point of contention is focused on the taking of the statement itself. Appellant signed a waiver of rights form and consented to giving a statement. Officer Szostek testified that when appellant consented, he contemporaneously stated he did not want to sign the statement. The officer again informed him that anything said could be used against him in court. According to the officer, the procedure used in taking the statement was that he asked appellant questions and typed his responses. During the suppression hearing, appellant testified the officer made statements to which he occasionally nodded or agreed. Appellant made corrections on the typed statement and signed the confession.

If, on appeal, the record contains conflicting evidence, the appellate court will consider only that evidence which tends to support the trial court's ruling. If the trial court's ruling is supported by substantial evidence of probative value, it will not be disturbed. *Wollam v. State*, (1978) Ind., 380

N.E.2d 82. Officer Szostek's testimony adequately supports the trial court's ruling. The trial court did not err in denying the motion to suppress appellant's statement.

■ Appellant posits that all statements should be tape-recorded. While utilization of such procedure may be of aid in determination of voluntariness, we know of no authority which requires the use of tape recording to make a confession admissible.

■ Appellant next claims the trial court erred in sentencing him to consecutive terms of imprisonment. Without citation, he claims that error was committed because the three sentences arise out of one criminal instance. However, the proper test is whether the offenses are the same, not whether they arise from the same set of operative facts. *Turner, supra.*

In *Merrifield v. State,* (1980) Ind., 400 N.E.2d 146, the appellant was sentenced to ten years imprisonment for a conviction of criminal confinement and thirty years on each of five sex-related offenses to be served concurrently. He was also sentenced to a term to be served consecutively for attempted murder. In addressing appellant Merrifield's claim that the trial court erred by failing to order the sentence for attempted murder to run concurrently, this Court stated at 400 N.E.2d 150–1:

> "The acts constituting the attempted murder were clearly different from those constituting the criminal confinement and sex-related offenses. Attempted murder requires proof of facts which the other offenses do not, and the converse is also true. Thus, there is no double jeopardy problem here. See *Elmore v. State,* (1978) Ind., 382 N.E.2d 893. Appellant had no constitutional right to have his sentences run concurrently."

■ Furthermore, I.C. 35–50–1–2(a) provides that the trial court shall decide whether terms of imprisonment shall be served concurrently or consecutively. The authority to sentence criminal defendants rests solely in the trial judge, pursuant to I.C. 35–50–1–1. Aggravating and mitigating circumstances set forth in I.C. 35–4.1–4–7 may be weighed in augmentation or reduction of a base sentence. I.C. 35–4.1–4–7(c) provides that aggravating circumstances may also be considered in determining whether the sentences are to run concurrently or consecutively. This Court will reverse the trial court's sentence only upon a showing of manifest abuse of discretion. *Evans v. State,* (1979) Ind.App., 393 N.E.2d 246.

■ In the sentencing hearing, the trial judge found that all aggravating circumstances were present but one, and that the victim was not over sixty-five years of age. Given these findings, the trial court did not err in sentencing appellant to serve sentences consecutively.

Appellant next claims that "the sentencing of Appellant to essentially a life sentence for his emotion problems and one incident is an abuse of discretion and qualifies as cruel and unusual punishment". To support this proposition, he cites testimony of a psychiatrist which indicated that the appellant exhibited emotional problems and anti-social behavior.

■ We first note that appellant has not been sentenced to a term of imprisonment for his emotional maladies, but for offenses for which he was convicted by a jury. Furthermore, there is nothing in this record to indicate that the sentence is so excessive as to be violative of the provisions under the Eighth and Fourteenth Amendments. Appellant was on probation at the time of the instant offense. He had an extensive felony conviction record, including convictions for crimes similar to the crime in this case. In *Inman v. State,* (1979) Ind., 393 N.E.2d 767, at 772, this Court stated:

> "[T]he Constitutional prohibition against cruel and unusual punishment is a limitation upon the acts of the General Assembly and not upon the discretion of a trial court acting within the framework of a statute imposing penalties for the offense. Generally these prohibitions are proscriptions of punishments that are atrocities or obsolete, aimed at form rather than the duration, *Hollars v. State,*

(1972) 259 Ind. 229, 286 N.E.2d 166, or excessive in relation to the crime committed. *Coker v. Georgia*, (1977) 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982. If punishment (1) makes no measurable contribution to the acceptable goals of punishment such that it constitutes nothing more than purposeless and needless imposition of pain and suffering or (2) is grossly disproportionate to the severity of the crime, it is excessive and unconstitutional. *Gregg v. Georgia*, (1976) 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859, quoted in *Hawkins v. State*, (1978) Ind., 378 N.E.2d 819, 821."

We, therefore, hold that the sentences imposed in the case at bar were within the statutory limitations and do not constitute cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments of the Constitution of the United States.

The trial court is in all things affirmed.

All Justices concur.