**John R. WALL, Jr., Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 681S165.**

Supreme Court of Indiana.

Nov. 22, 1982.

Kelly Leeman, Logansport, for appellant.

Linley E. Pearson, Atty. Gen., Dan S. LaRue, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of five counts of murder. He was sentenced to five terms of thirty (30) years each to be served consecutively.

The record reveals appellant shot Nancy and Thomas Shanks, his sister and brother-in-law at their trailer. He then went to his home where he shot his father, another sister and her son. Appellant attempted to shoot his mother. However, after a discussion, appellant took his mother to a local Holiday Inn. Appellant left the hotel and went to the YMCA. His mother telephoned the police. A police car was dispatched to the YMCA where appellant was disarmed and taken into custody.

Appellant claims the trial court erred in denying his motion to suppress his video-taped confession. He argues the confession should have been suppressed because the police continued custodial interrogation after he repeatedly requested to see an attorney. In *Brown v. State,* (1971) 256 Ind. 558, 562, 270 N.E.2d 751 at 753, we quoted *Miranda v. Arizona,* (1966) 384 U.S. 436, 445, 474, 86 S.Ct. 1602, 1612, 1628, 16 L.Ed.2d 694, 707, 723:

" 'The defendant may waive effectuation of these rights, provided the waiver is made voluntarily, knowingly and intelligently. *If, however, he indicates in any manner and at any stage of the process that he wishes to consult with an attor-*

ney before speaking there can be no questioning. Likewise, if the individual is alone and indicates in any manner that he does not wish to be interrogated, the police may not question him. The mere fact that he may have answered some questions or volunteered some statements on his own does not deprive him of the right to refrain from answering any further inquiries until he has consulted with an attorney and thereafter consents to be questioned.

\* \* \* \* \* \*

" 'If the individual states that he wants an attorney, the interrogation must cease until an attorney is present. At that time, the individual must have an opportunity to confer with the attorney and to have him present during any subsequent questioning. If the individual cannot obtain an attorney and he indicates that he wants one before speaking to police, they must respect his decision to remain silent.' (Emphasis added.) 384 U.S. at 445, 474, 86 S.Ct. at 1612, 1628."

See also, Turner v. State, (1980) Ind., 407 N.E.2d 235; Benton v. State, (1980) Ind., 401 N.E.2d 697; Cobb v. State, (1980) Ind., 412 N.E.2d 728.

This Court viewed the videotaped confession at issue. Appellant refused to sign the waiver of rights form. During the interrogation appellant made five references to an attorney:

"I should call my lawyer back home.
"I do have a lawyer I'd like to call.
"Where's my lawyer at?
"I got to have a lawyer before you can do that shit.
"I need my wallet so I can call my lawyer."

After appellant stated he had an attorney he'd like to call, he requested his wallet which contained his attorney's name and address. The police officers stated they didn't think they had it. A discussion ensued regarding the location of the wallet. It was later revealed the wallet had been removed from appellant's automobile by the police who continued to be in possession of it. Although appellant commented as set forth above, the officers continued to question him.

The State contends the mere mention of the word "lawyer" does not invoke the privilege. In Turner, supra, appellant signed two waiver of rights forms. Thereafter, appellant stated that he "might want to speak to an attorney" before talking about the murder in question, followed by his voluntary incriminating conversation with a police officer. This Court held the facts did not constitute "a case of police interrogation in the face of an attempt of a suspect to exercise his constitutional rights." Turner, supra, at 238.

However, in the case at bar appellant's statements indicate his desire for counsel. The continued interrogation violated appellant's constitutional rights requiring suppression of the videotaped confession at trial. The trial court erred in denying appellant's motion to suppress and in admitting the videotape into evidence over appellant's objection.

We therefore reverse the conviction and remand the cause for a new trial.

All Justices concur.