**Larry Phillip CLARK, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 1183S413.

Supreme Court of Indiana.

July 13, 1984.

Thomas E. Rucinski, Hammond, for appellant.

Linley E. Pearson, Atty. Gen., Phillip B. Rarick, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant, Larry Clark, was convicted in a trial by jury of robbery, a class B felony, pursuant to Ind.Code § 35–42–5–1, and was sentenced to twelve years imprisonment. On appeal he claims error in the use of his confession.

The victim, John Russell, picked up his paycheck at about 3:00 p.m. on July 20, 1982 and cashed it shortly thereafter at a store. Appellant took this money from him at gunpoint and escaped, taking Russell's

car. Within an hour appellant was arrested in the stolen car by Officer Flournoy who was working the traffic division. A revolver was on the floor boards. Officer Williamson then arrived and read appellant his *Miranda* rights. Under questioning at the scene appellant stated that he had no license for the gun and had stolen it and had robbed two people but did not intend to hurt them. He then stated that he did not wish to make any further statements and that he wanted to see an attorney.

Appellant was taken to jail where he was locked away. Flournoy prepared his arrest reports which were read by Detective Woods. The report disclosed an advice of rights at the scene and questioning, but no assertion by appellant of the right to counsel. Two hours later Woods got appellant and took him to an interrogation room. He obtained a written waiver of counsel and a long detailed confession. Appellant sought suppression of the confession on the basis that the waiver of counsel was not valid. Appellant claims the waiver was obtained through interrogation following his request that he be permitted to speak to an attorney.

■ The Fifth and Fourteenth Amendments to the United States Constitution secure to each citizen the right to the presence and advice of counsel during custodial interrogation by the police. *Miranda v. Arizona*, (1966) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. A confession of guilt procured from a subject during custodial interrogation is not admissible in a trial of criminal charges in the absence of proof beyond a reasonable doubt that counsel was present or the right thereto was voluntarily and knowingly relinquished prior to the commencement of the interrogation. *Pirtle v. State*, (1975) 263 Ind. 16, 323 N.E.2d 634; *Ortiz v. State*, (1976) 265 Ind. 549, 356 N.E.2d 1188. When the right of counsel is asserted during questioning, that process must cease, and a confession procured by interrogators thereafter is per se inadmissible in the absence of a new waiver of counsel evidenced by proof that the suspect initiated the resumption of questioning.

*Edwards v. Arizona*, (1981) 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378; *Wall v. State*, (1982) Ind., 441 N.E.2d 682, 683. The prophylactic rule of *Edwards* applies to the statement made after May 18, 1981. *Solem v. Stumes*, (1984) —— U.S. ——, 104 S.Ct. 1338, 79 L.Ed.2d 579.

■ On appeal the State conceded that appellant was read his *Miranda* rights, and then asserted his right to counsel during questioning by Officer Flournoy. The record of proceedings before us is totally bereft of any basis upon which to rationally conclude that the appellant initiated his further interrogation by Detective Woods at the station house. The resumption of custodial interrogation occurred in the year 1982, and therefore the police interrogators were subject to the restrictive rule of the *Edwards* case. The trial court was therefore bound to conclude that the evidence presented by the prosecution was insufficient to satisfy its burden of showing that the appellant voluntarily and knowingly relinquished the right to counsel before giving his station house confession, and it was consequently error to permit the prosecution to use the confession as proof of guilt at the trial over the objection of the defense. *Stevens v. State*, (1976) 265 Ind. 396, 354 N.E.2d 727.

■ The jury heard the testimony of the victim in which he had identified appellant as his assailant, and also heard the testimony of the arresting officer who observed appellant in a car meeting the general description of the stolen vehicle and saw the gun and stolen items there. The officer also related appellant's incriminating admissions made at the scene. On the other hand, the victim admitted that he was engaged in the illegal process of purchasing some contraband drugs and that he had not previously met the appellant before, and observed him for only a short time. Under these circumstances, we find the evidence outside the confession to be such that it would sustain a conviction on appeal, but are unable to say that the conviction does not rest to some degree upon the inadmissible confession. Since there is a reasonable

possibility that the confession might have contributed to the conviction, we cannot dismiss the error in admitting it as harmless beyond a reasonable doubt. *Chapman v. California,* (1967) 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705.

The conviction is reversed with instructions to grant a new trial.

HUNTER and PRENTICE, JJ., concur.

GIVAN, C.J., dissents with opinion in which PIVARNIK, J., concurs.

GIVAN, Chief Justice, dissenting.

I respectfully dissent from the majority opinion in this case. As pointed out by the majority, appellant admitted to the arresting officer that he had no license for the gun, that he had stolen it and had robbed two people just prior to his arrest. It was after making such incriminating statements he made the statement he wished to say nothing further until he spoke with an attorney.

His subsequent conversation with another police officer after his arrival at the station added nothing to his prior incriminating statements. There is no evidence that either the appellant himself or the arresting officer informed the officer who questioned him at police headquarters that he had asked to see an attorney. Appellant could certainly have made his request for an attorney known to officers at police headquarters at the time they gave him his *Miranda* warnings.

I would hold that the trial judge committed no reversible error in the trial of this case.

PIVARNIK, J., concurs.