**Tony A. GUINN, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 584S177.

Supreme Court of Indiana.

March 27, 1986.

Barbara C. Rennolet, Larry J. Wagner, Public Defenders Office, Terre Haute, for appellant.

Linley E. Pearson, Atty. Gen., Marguerite M. Sweeney, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Appellant Tony A. Guinn appeals from a jury conviction for murder. Ind.Code § 35–42–1–1 (Burns 1985) The trial court sentenced him to forty years in prison.

Guinn raises two issues in this direct appeal:

(1) Whether his mental state at the time he gave his statements to the police rendered his confession involuntary, and

(2) Whether smoking in the court room during the trial constituted prejudicial error.

These are the facts which tend to support the trial court's judgment. On November 18, 1980, Ruth Bopp went to her daughter's trailer to help with housecleaning. When she arrived she found that her daughter, Becky Fuqua, and Becky's dog, Holly, were both dead from gunshot wounds. Becky had been shot in her midsection at close range with a double barreled shotgun and her dog had been shot in the head.

Becky's body was lying approximately sixteen to seventeen feet away from the shotgun.

Officer Cary Dohner investigated the crime in November, 1980, but did not have enough evidence to support filing any charges. In February, 1982, Dohner received a call from Officer John Landers of the Dallas Police Department. Landers informed Dohner that Tony Guinn surrendered to the Dallas police on February 2, 1982, and confessed to murdering a woman in Terre Haute. Landers summarized the factual content of appellant's confession and asked Dohner whether any such case was pending.

Guinn stated in his confession that he went to visit Becky during Thanksgiving of 1980. Apparently Becky was unhappy because of recent marital problems. Guinn professed his love for Becky and claimed that he killed her because he wanted to end her misery. He said he shot her dog because she "was spoiled." He described the shotgun he used as one with "two triggers."

## I. Confession

Appellant argues that a knowing and voluntary waiver did not precede his confession because he was not mentally competent to waive his constitutional rights to remain silent and to have an attorney present. He argues that his prior history of psychiatric illnesses establishes that he was not competent to effect a waiver of his rights at the time he gave his statement.

This Court does not weigh the evidence or judge the credibility of the witnesses when reviewing a trial court's ruling on the admission of a confession. Rather, we must determine whether there was substantial evidence of probative value to support the trial court's finding. *Washington v. State* (1982), Ind., 441 N.E.2d 1355.

The decision of an accused to waive his rights will be regarded as voluntary and intelligent when all the circumstances surrounding the confession indicate that the statements were not induced by any violence, threats, promises, or other improper

influences which would have overcome the free will of the accused. *Nacoff v. State* (1971), 256 Ind. 97, 267 N.E.2d 165. The degree of impairment of mental faculties at the time of the waiver and statement is of critical importance in determining whether a statement was given voluntarily. *Turner v. State* (1980), 273 Ind. 627, 407 N.E.2d 235, and whether the decision to waive constitutional rights and confess was freely self-determined. *Brown v. State* (1985), Ind., 485 N.E.2d 108.

█ The evidence presented at the hearing held on the motion to suppress appellant's confession clearly supports the trial court's ruling. Dr. Henderson testified about Guinn's prior medical history and psychiatric diagnosis. However, Henderson did not evaluate Guinn on or near February 2, 1982 (the date he had surrendered in Dallas), and therefore could not testify about Guinn's mental condition during that time period. Henderson did examine appellant in September of 1983 and determined that he was competent to stand trial for the present murder charge. John Landers, the Dallas police officer who interrogated appellant, also testified at this hearing. Guinn advised Landers that he wanted to confess to a murder that he had committed in Indiana. Landers advised appellant of his *Miranda* rights. Guinn responded that he understood each of his constitutional rights. Landers opined that Guinn was coherent and did not appear to be mentally deranged when he gave his statement.

## II. Fundamental Error: Smoking During the Trial

█ Appellant argues that the trial judge committed prejudicial error by smoking a cigarette during the trial and providing ashtrays to the jury so they could similarly have a cigarette.

During a break in the appellant's cross-examination of Officer Dohner, the trial judge stated that he was going to smoke since it was after five o'clock and that ashtrays would be provided to the jury. Fifteen minutes later the trial was recessed until the following morning. Appellant maintains that the judge's conduct was prejudicial because it distracted the jury from the presentation of his case and interjected levity into the trial proceedings.

Appellant has the burden to show how his substantial rights were prejudiced by the trial judge's conduct. *Rebstock v. State* (1983), Ind., 451 N.E.2d 1083. While the trial judge's announcement that "the smoking lamp's lit" represents less than the level of decorum which is appropriate for trial proceedings, we fail to discern any actual harm which accrued to Guinn.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.