**Norman PROPES, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 10S00–8803–PC–325.**

Supreme Court of Indiana.

March 8, 1990.

Susan K. Carpenter, Public Defender and Novella L. Nedeff, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. and Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

This is an appeal from a denial of post-conviction relief. In 1977, appellant was convicted of Conspiracy to Commit a Felony and First Degree Murder, for which he received concurrent sentences of two (2) to fourteen (14) years and life imprisonment, respectively. This Court affirmed the judgment below on direct appeal, *Propes v. State* (1978), 269 Ind. 626, 382 N.E.2d 910.

In 1984, appellant filed *pro se* his petition for post-conviction relief; shortly thereafter, the Public Defender of Indiana entered her appearance on appellant's behalf. Three years (and four motions, three of them *pro se*, to amend the petition) later, a hearing was held on the petition. The post-conviction court subsequently issued written findings denying the petition, and this appeal followed.

Appellant contends the post-conviction court erred in failing to grant him a new trial based upon the admission at trial of his pretrial statements, which, he argues, should have been suppressed because they were taken in violation of his right to counsel.

In the case of *Minnick v. State* (1984), Ind., 467 N.E.2d 754, *cert. denied*, 472 U.S. 1032, 105 S.Ct. 3512, 87 L.Ed.2d 642, we reversed and remanded for a new trial due to the erroneous admission of Minnick's custodial confession in violation of his right to counsel. There, the appellant was detained for questioning and after realizing

he was a suspect, asked to see a lawyer, refused to make any further statement, and was incarcerated.

Later that day, before Minnick had been given access to counsel, a deputy sheriff went to his cell and twice asked him if he would like to answer questions. Minnick then assented, was questioned, and the resulting statement was introduced at his first trial. We reversed that conviction, adopting the United States Supreme Court's rationale enunciated in *Edwards v. Arizona* (1981), 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378, that an accused, having once requested counsel, is denied his Sixth Amendment right to counsel if the authorities subsequently elicit inculpatory statements, "unless the accused himself initiates further communications, exchanges, or conversations with the police." *Id.* at 484, 101 S.Ct. at 1884, 68 L.Ed.2d at 386.

■ Here, the same situation obtained: appellant at his first interrogation clearly indicated his desire for counsel; instead of breaking off communication, the officers persisted in going over the waiver of rights form and then requested appellant to sign it. Here, as in *Minnick*, appellant was in custody when he asserted a request for the assistance of counsel. Unlike in *Minnick*, where officers stopped the interrogation immediately, here they merely continued their attempts at securing appellant's waiver of counsel. Moreover, here appellant was not only in custody, he had been charged by information nearly two weeks prior to the first interrogation, yet never was informed on that occasion of the charges pending against him. *See United States v. Mohabir* (2d Cir.1980), 624 F.2d 1140.

■ As to appellant's second statement, wherein he insisted for fifty minutes upon his right to counsel before officers ceased interrogation, its admission was erroneous even though its substance was not directly inculpatory. In *Doyle v. Ohio* (1976), 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91, the United States Supreme Court held that comments at trial in reference to a defendant's post-*Miranda* silence constitute reversible error. Where, as here, the entire statement was admitted into evidence, it clearly amounts to an impermissible, tangible reference to appellant's exercise of his Fifth Amendment right to remain silent.

■ Regarding appellant's third interrogation, which resulted in a statement largely conforming to the versions provided by other witnesses, its admission was erroneous despite appellant's expressed acquiescence in giving the statement. The facts surrounding the third interrogation, wherein appellant's counsel, appointed the previous day at his arraignment yet never notified of the impending interrogation, closely parallel the facts in *Heffner v. State* (1988), Ind., 530 N.E.2d 297, 303, wherein police knew that the defendant had "requested, contacted and expected his lawyer," yet went on to give the defendant "the impression that he could still waive his right to assistance of counsel." Citing *Michigan v. Jackson* (1986), 475 U.S. 625, 106 S.Ct. 1404, 89 L.Ed.2d 631, we held that "[a]fter the Sixth Amendment right to counsel is invoked, a waiver in response to police-initiated interrogation, even after additional *Miranda* warnings, is not sufficiently voluntary and intelligent to meet the constitutional mandate of the Sixth and Fourteenth Amendments."

Our decision in *Clark v. State* (1984), Ind., 465 N.E.2d 1090, is in accord, but goes on to note, however, that the rule of *Edwards, supra*, does not apply retroactively, citing *Solem v. Stumes* (1984), 465 U.S. 638, 104 S.Ct. 1338, 79 L.Ed.2d 579. We thus are left to base our analysis upon the state of Constitutional exclusionary-rule law at the time of appellant's arrest in 1977.

In *Michigan v. Mosley* (1975), 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313, it was held that "the admissibility of statements obtained after the person in custody has decided to remain silent depends under *Miranda* on whether his 'right to cut off questioning' was 'scrupulously honored.'" *Id.* at 104, 96 S.Ct. at 326, 46 L.Ed.2d at 321. The Court went on to hold that Mosley's right to cut off questioning had been fully respected where questioning had resumed over two hours after initially being

cut off, but the new questioning was not as to the same or a related crime.

This analysis is consistent with the previous landmark decision in *Johnson v. Zerbst* (1938), 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466, to the effect that to be admissible, a statement must be shown to have resulted from a waiver of counsel that is knowing, voluntary and intelligent, which in turn is determined by resort to "the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused."

As we stated in a decision handed down the same year the instant crime was committed, "[w]hen an individual in custody indicates his desire to consult with an attorney, questioning must cease until an attorney is present and consents to the questioning." *Stevens v. State* (1976), 265 Ind. 396, 404, 354 N.E.2d 727, 733. *Stevens* cites as its authority our decision in *Pirtle v. State* (1975), 263 Ind. 16, 323 N.E.2d 634, which opinion rested upon, and cited verbatim from, *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694:

> "If the individual states that he wants an attorney, the interrogation must cease until an attorney is present. At that time, the individual must have an opportunity to confer with the attorney and to have him present during any subsequent questioning.
>
> If the interrogation continues without the presence of an attorney and a statement is taken, a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel.
>
> The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer." 384 U.S. at 474, 475, 86 S.Ct. at 1628, 16 L.Ed.2d at 723, 724, cited at 323 N.E.2d at 637, 638.

■ To prevail on appeal from the denial of post-conviction relief, appellant must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the trial court. *Williams v. State* (1987), Ind., 508 N.E.2d 1264. Here, the post-conviction court found that appellant's claim that the trial court had erred in failing to suppress his statements was waived for failure to raise it on direct appeal, and that appellant's argument that his trial counsel, who also served as his attorney on direct appeal, rendered ineffective assistance, also was waived.

The post-conviction court also addressed the merits of appellant's allegations, finding no ineffective assistance of counsel for failure to properly preserve the suppression issue. (The statements had been ruled admissible at a pretrial suppression hearing; counsel never objected to their admission at trial, yet he raised the denial of suppression in his motion to correct error, while neglecting to include it in the direct appeal.) The post-conviction court ruled that counsel had no duty to preserve the issue because he was "not required to engage in futile efforts on behalf of the defendant."

The court went on to find that even if the statements were admitted erroneously, the corroborative testimony of others involved in the crime rendered such error harmless. The court concluded that since appellant had been advised repeatedly of his rights, he had waived them in giving the statements.

■ The post-conviction court's conclusory statement, that appellant made the statements and hence waived his right to counsel, is erroneous as a matter of law. Its alternate finding, that any error in admitting the statements was harmless, is similarly erroneous; violation of the right to counsel is fundamental error, reversible *per se* despite other, independent evidence sufficient to support a conviction. *Miranda, supra; Clark, supra.*

■ The post-conviction court's finding of no ineffective assistance of counsel is erroneous. Failure to properly preserve error on appeal clearly constitutes ineffective assistance. However, no such showing

is necessary for appellant to prevail here, because fundamental error is cognizable in a petition for post-conviction relief even absent preliminary proof of ineffective assistance of counsel. Ind.R.P.C.R., Rule P.C. 1. For purposes of post-conviction relief, fundamental error is one that is blatant and which, if not rectified, would result in the denial of fundamental due process. *Bailey v. State* (1985), Ind., 472 N.E.2d 1260. The unrectified denial of counsel at a critical stage of criminal proceedings, as here, surely amounts to such a denial of fundamental due process.

We find appellant was denied his Sixth Amendment right to counsel when police continued to question him after he requested counsel. The statements so obtained should have been suppressed. We need not consider the other issues raised in this appeal. *Williams, supra.*

The ruling of the post-conviction court is reversed. This cause is remanded for a new trial.

SHEPARD, C.J., and DeBRULER and DICKSON, JJ., concur.

PIVARNIK, J., not participating.