Norman William PROPES, Appellant,

v.

STATE of Indiana, Appellee.

No. 10S00–9011–CR–743.

Supreme Court of Indiana.

March 6, 1992.

was held, and appellant again was convicted of Conspiracy to Commit a Felony and First Degree Murder.

On the murder charge, the trial court sentenced appellant to life imprisonment pursuant to the statute in force at the time the crime was committed. However, he further stated, "I will also add that that sentence should not exceed sixty years."

Appellant claims the trial court erred when it denied his motion in limine in which he moved that the State be prohibited from introducing in evidence a letter written in the latter part of December of 1977 and addressed to the prosecuting attorney in Clark County. The letter was rather long and restated appellant's version of the crime. Appellant's letter apparently was written in an attempt to aid his friend Jack Webb who also was charged with participating in the crime.

Appellant takes the position that this later confession should be treated as fruit of the poison tree resulting from earlier statements made by him which were held to be inadmissible. *See Propes, supra,* 550 N.E.2d 755. In support of his position, appellant cites *United States v. Bayer* (1947), 331 U.S. 532, 67 S.Ct. 1394, 91 L.Ed. 1654, wherein the Supreme Court of the United States stated:

"After an accused has once let the cat out of the bag by confessing, no matter what the inducement, he is never thereafter free of the psychological and practical disadvantages of having confessed. He can never get the cat back in the bag. The secret is out for good. In such a sense, a later confession always may be looked upon as fruit of the first." *Id.* at 540, 67 S.Ct. at 1398, 91 L.Ed. at 1660.

In later cases, we have held that under such circumstances subsequent confessions are not automatically inadmissible. The court must look to the totality of the circumstances surrounding the subsequent confession and determine whether it was made voluntarily and independent of his original confession or whether it was a logical extension thereof. *See Holleman v. State* (1980), 272 Ind. 534, 400 N.E.2d 123 and *Johnson v. State* (1978), 269 Ind. 370,

Vicki L. Carmichael, Chief Public Defender, Jeffersonville, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

This case has a long history of litigation starting in 1977 with appellant's conviction of First Degree Murder and Conspiracy to Commit a Felony. That conviction was appealed to this Court and affirmed. *See Propes v. State* (1978), 269 Ind. 626, 382 N.E.2d 910.

In 1984, appellant filed his petition for post-conviction relief, which was denied by the trial court. However, this Court reversed the trial court and ordered a new trial. *See Propes v. State* (1990), Ind., 550 N.E.2d 755. In July of 1990, a jury trial

380 N.E.2d 1236. *See also Holleman v. Duckworth* (7th Cir.1983), 700 F.2d 391, *cert denied,* 464 U.S. 834, 104 S.Ct. 116, 78 L.Ed.2d 116.

In the case at bar, the letter in question was written by appellant after his first conviction and while he was serving time in the State Prison. There is no evidence of any pressure by authorities to cause appellant to write the letter. The letter was his own idea written at his own free will with an attempt to advise the prosecuting attorney of exactly how the crime was committed in order that those facts might aid his friend Jack Webb. There is nothing in this record to indicate it was in anyway connected with or prompted by his previous inadmissible statements. The trial court did not err in denying appellant's motion in limine.

 Appellant contends the trial court erred in sentencing him to life imprisonment not to exceed sixty (60) years. At the time the crime was committed in 1976, the statute in force, Ind.Code § 35–13–4–1, provided for a life sentence for murder. At the time of appellant's second trial, the statute in force, Ind.Code § 35–50–2–3, provided for a sentence not to exceed sixty (60) years and repealed the prior statute.

However, the legislature provided, "[a]n offense committed before October 1, 1977 under a law repealed by Act 1976, P.L.148 shall be prosecuted and remains punishable under the repealed law." Acts 1977, P.L. 340, Sec. 151. Thus the trial court was correct in applying the law in force at the time the crime was committed and in pronouncing a sentence of life imprisonment.

The trial judge's statement that the life sentence should not exceed sixty (60) years could in no way be considered as mandatory upon the Department of Correction. It can be considered only as a gratuitous recommendation by the judge that appellant not serve more than sixty (60) years on his life sentence. Such a recommendation is not binding and the manner in which a sentence is served once the prisoner has been committed to the Department of Correction is a matter of discretion of that department together with the parole board and the clemency commission and their interactions with the Governor. *See Terry v. Byers* (1903), 161 Ind. 360, 68 N.E. 596.

Even if we would concede for the sake of argument that the trial judge should not have made such a statement in his formal sentencing of appellant, the statement in no way harms appellant and a redacting of the trial judge's statement would in no way benefit appellant. We see no reversible error in the judge's sentence.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, DICKSON and KRAHULIK, JJ., concur.