**Jesse LINDSEY III, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

**No. 32A01–0802–PC–77.**

Court of Appeals of Indiana.

June 13, 2008.

Transfer Denied Aug. 14, 2008.

Mark Small, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Jesse Lindsey III appeals from the post-conviction court's denial of his petition for post-conviction relief. Lindsey raises a single issue for our review, namely, whether the Indiana Penal Code of 1977, now codified at Ind.Code §§ 35-41-1-1 to 50-8-1, is based on "vindictive justice" and

contrary to Article I, Section 18 of the Indiana Constitution.

We affirm.

## FACTS AND PROCEDURAL HISTORY

The facts and procedural history relevant to Lindsey's current appeal were stated in this court's memorandum decision on his direct appeal:

Approximately two weeks prior to April 3, 2003, Lindsey and Nicholas Lee were involved in an altercation at Lee's house. Lee saw Lindsey taking small amounts of marijuana scraps off a table and putting them in a wrapper and confronted Lindsey about stealing from him. When Lindsey and his friend, Andre Cunningham, left Lee's house to go to a friend's, Lee followed them there because he believed Lindsey had stolen more marijuana from him. Lee confronted Lindsey again, telling him to empty his pockets and taking his keys to search his car. On the evening of April 3, 2003, Lindsey drove Cunningham and Adrian Johnson to Lee's house to steal marijuana and scare Lee in order to seek revenge for the prior incident between Lindsey and Lee. Upon arrival, Lindsey remained in the vehicle while Cunningham and Johnson went inside Lee's house. Once inside, Johnson asked for a "QP," or quarter-pound, of marijuana from Lee. When Lee produced the marijuana, Johnson pulled out a handgun and demanded the marijuana. An argument ensued, and Johnson ordered Lee into another room where Austin Musser, Gabriel Hulse, and seventeen-year-old Anthony "Justin" Reuzenaar were present.

Cunningham followed Johnson into the room with the others. Johnson ordered Lee, Musser, Reuzenaar, and Hulse to sit down and empty their pockets. When Lee refused, Johnson approached Lee to reach inside Lee's pockets, and they began to struggle. Musser, Reuzenaar, Hulse, and Cunningham joined in the fight, and at some point during the struggle, Johnson fired four shots. One bullet struck a bookshelf; another bullet struck Lee in his back, and two bullets struck Musser. Musser eventually died as a result of his injuries. Johnson and Cunningham fled. On his way out, Cunningham grabbed the marijuana.

Once Johnson and Cunningham were back in Lindsey's car, Lindsey asked where the marijuana was. The three split the marijuana into shares and returned to Lindsey's house, where Johnson and Cunningham told him about the shooting. Lindsey destroyed the firearm used in the shooting by throwing it out piece-by-piece. The next day, Cunningham turned himself in to police, and police eventually found Lindsey and Johnson together, with seventeen bags of marijuana on Johnson's person.

Cunningham and Johnson each entered guilty pleas. Cunningham was convicted of robbery as a Class A felony for causing serious bodily injury and was sentenced to forty years. He testified at Lindsey's jury trial. Johnson was convicted of murder and was sentenced to sixty years. The jury found Lindsey guilty of felony murder and robbery resulting in serious bodily injury, a Class A felony. He was sentenced to presumptive terms of fifty-five years for the murder conviction and thirty years for the robbery conviction, and was ordered to serve the two sentences consecutively. Lindsey now appeals his convictions and sentence.

*Lindsey v. State*, No. 32A01–0411–CR–476, at 2–4, 839 N.E.2d 267 (Ind.Ct.App. Nov. 23, 2005) (*"Lindsey I"*), *vacated*, 855 N.E.2d 999 (table). This court affirmed Lindsey's convictions and sentence in

*Lindsey I.* But by special order on transfer, our Supreme Court vacated Lindsey's conviction and sentence for robbery. 855 N.E.2d 999. .

On July 27, 2006, Lindsey filed his petition for post-conviction relief,[1] raising for the first time the issue of the constitutionality of Indiana's Penal Code. On August 29, the State filed its response, and the court held a hearing on December 19. On December 27, 2007, the post-conviction court entered findings of fact and conclusions of law denying Lindsey's petition. This appeal ensued.

## DISCUSSION AND DECISION

■ Lindsey bore the burden of establishing the grounds for post-conviction relief by a preponderance of the evidence. *See* Ind. Post–Conviction Rule 1(5); *Timberlake v. State,* 753 N.E.2d 591, 597 (Ind. 2001). Post-conviction procedures do not afford a petitioner with a super-appeal, and not all issues are available. *Timberlake,* 753 N.E.2d at 597. Rather, subsequent collateral challenges to convictions must be based on grounds enumerated in the post-conviction rules. *Id.* If an issue was known and available, but not raised on direct appeal, it is waived. *Id.* If it was raised on appeal, but decided adversely, it is res judicata. *Id.*

■ In reviewing the judgment of a post-conviction court, appellate courts consider only the evidence and reasonable inferences supporting the post-conviction court's judgment. *Hall v. State,* 849 N.E.2d 466, 468 (Ind.2006). The post-conviction court is the sole judge of the evidence and the credibility of the witnesses. *Id.* at 468–69. Because he is now appealing from a negative judgment, to the extent his appeal turns on factual issues

Lindsey must convince this court that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. *See Timberlake,* 753 N.E.2d at 597. We will disturb the decision only if the evidence is without conflict and leads only to a conclusion contrary to the result of the post-conviction court. *Id.*

■ Lindsey contends that the post-conviction court erred in denying his petition for relief because the Indiana Penal Code, under which he was convicted, violates Article I, Section 18 of the Indiana Constitution. That constitutional provision provides that, "The penal code shall be founded on the principles of reformation, and not of vindictive justice." Ind. Const. art. I, § 18. And it is well established that "Section 18 applies only to the penal code as a whole and not to individual sentences." *Scruggs v. State,* 737 N.E.2d 385, 387 n. 3 (Ind.2000) (citing *Henson v. State,* 707 N.E.2d 792, 796 (Ind.1999)).

The State asserts that Lindsey has waived this issue for our review by not raising it either during his trial or on direct appeal. It is undisputed that this issue was available to him at those times, and Lindsey did not allege in his petition for post-conviction relief that he was denied, at any time, the effective assistance of counsel. Rather, Lindsey contends that we must review his petition because he has alleged fundamental error. We agree with the State that Lindsey has waived his claim for relief.

In *Bailey v. State,* 472 N.E.2d 1260 (Ind. 1985), our Supreme Court addressed the applicability of a "free standing" claim of fundamental error in a post-conviction proceeding:

---

1. During the post-conviction proceedings and appeal, Lindsey has been represented by his appellate counsel on direct appeal. Lindsey had different counsel during his trial.

The post-conviction relief process is also open to the "raising [of] issues not known at the time of the original trial and appeal or for some reason not available to the defendant at that time." *Kimble v. State,* (1983) Ind., 451 N.E.2d 302, 303–304. It is not, however, open to the raising of issues available to a petitioner upon his original appeal. *Brown v. State,* (1974) 261 Ind. 619, 308 N.E.2d 699. Errors not assigned at the trial level nor argued on direct appeal are deemed waived in the context of post-conviction relief. *Frith v. State,* (1983) Ind., 452 N.E.2d 930; *Howland v. State,* (1982) Ind., 442 N.E.2d 1081. "To unreservedly hold the door open for appellate review under the post conviction remedy rules, regardless of the circumstances which preceded, would perforce characterize post conviction relief as some sort of 'super-appeal' contrary to its intended function." *Langley v. State,* (1971) 256 Ind. 199, 210, 267 N.E.2d 538, 544.

We recently stated, by way of dicta, that a claim of fundamental error can be raised in a post-conviction petition regardless of whether such issue was waived in the direct appeal process. This Court asserted "it is through a showing of fundamental error that the post conviction court can bypass an obstacle to reaching the merits of a free standing claim erected by a prior procedural default." *Snider v. State,* (1984) Ind., 468 N.E.2d 1037, 1039.

An error characterized as fundamental is one which is "blatant" and which if not rectified would deny the petitioner "fundamental due process." *Terry v. State,* (1984) Ind., 465 N.E.2d 1085; *Johnson v. State,* (1979) 271 Ind. 145, 390 N.E.2d 1005. A claim characterized solely as fundamental error is available only on appeal and is raised when there has been a failure to assign an error which is so egregious that it must be decided by the appellate court because of its fundamental nature.

In clarification of the dicta in *Snider, supra,* any issue set forth in a post-conviction petition must be raised within the purview of the post-conviction rules, e.g., deprivation of the Sixth Amendment right to effective assistance of counsel, or be an issue demonstrably unavailable to the petitioner at the time of his trial and direct appeal. Therefore, in a post-conviction petition an allegation of the denial of the petitioner's due process rights may not be raised in the "free standing" form of an allegation of fundamental error.

472 N.E.2d at 1262–63 (alterations original).

Subsequent to *Bailey,* our Supreme Court decided *Propes v. State,* 550 N.E.2d 755 (Ind.1990). In *Propes,* the court stated:

> The post-conviction court's finding of no ineffective assistance of counsel is erroneous. Failure to properly preserve error on appeal clearly constitutes ineffective assistance. However, no such showing is necessary for appellant to prevail here, because fundamental error is cognizable in a petition for post-conviction relief even absent preliminary proof of ineffective assistance of counsel. Ind. R.P.C.R., Rule P.C. 1. For purposes of post-conviction relief, fundamental error is one that is blatant and which, if not rectified, would result in the denial of fundamental due process. *Bailey v. State* (1985), Ind., 472 N.E.2d 1260. The unrectified denial of counsel at a critical stage of criminal proceedings, as here, surely amounts to such a denial of fundamental due process.

550 N.E.2d at 758–59. In light of that language, this court recognized, on more

than one occasion, that *Propes* impliedly overruled *Bailey*. *See, e.g., Smith v. State*, 559 N.E.2d 338, 344 (Ind.Ct.App.1990) (discussing *Palmer v. State*, 553 N.E.2d 1256 (Ind.Ct.App.1990), *superceded by Palmer v. State*, 563 N.E.2d 601 (Ind. 1990)), *trans. denied.*

However, our Supreme Court would revisit this issue. In *Canaan v. State*, 683 N.E.2d 227 (Ind.1997), *cert. denied*, 524 U.S. 906, 118 S.Ct. 2064, 141 L.Ed.2d 141 (1998), the court noted as follows:

> Canaan seeks to avoid application of the waiver doctrine by arguing that it does not apply here because "these challenges ... raise fundamental issues." As such, he makes a bold assertion of the fundamental error doctrine. It is true that we have acknowledged an exception to the waiver rule in circumstances where the trial court committed "fundamental error." But we view this exception as an extremely narrow one, available only "when the record reveals clearly blatant violations of basic and elementary principles [of due process], and the harm or potential for harm cannot be denied." *Warriner v. State*, 435 N.E.2d 562, 563 (Ind.1982). While concerns over due process do sometimes merit invocation of a fundamental error exception to the contemporaneous objection rule on direct appeal, we think its availability as an exception to the waiver rule in post-conviction proceedings is generally limited to those circumstances we set forth in *Bailey v. State*, 472 N.E.2d 1260, 1263 (Ind.1985): "Deprivation of the Sixth Amendment right to effective assistance of counsel, or ... an issue demonstrably unavailable to the petitioner at the time of his [or her] trial and direct appeal." Here, as noted in the text, Canaan did not raise these

> issues before the trial, direct appeal, or post-conviction courts; he raises them for the first time on appeal from the denial of post-conviction relief. We are unable to conclude that these issues amount to fundamental error (which must be "blatant") and when none of trial counsel, direct appeal counsel, or post-conviction counsel in this case identified them as such.

683 N.E.2d at 235 n. 6 (alterations original, citations to the record omitted). Since *Canaan*, both our Supreme Court and this court have repeatedly recognized that "[t]he fundamental error doctrine is not applicable in post-conviction proceedings" absent the circumstances referenced in *Bailey*. *Boesch v. State*, 778 N.E.2d 1276, 1281 (Ind.2002); *see, e.g., Conner v. State*, 829 N.E.2d 21, 25 (Ind.2005); *Edington v. State*, 806 N.E.2d 310, 311 (Ind.2004) (holding that the Court of Appeals "was wrong to grant relief on Edington's fundamental error claim" in his post-conviction appeal); *Sanders v. State*, 765 N.E.2d 591, 592 (Ind.2002); *Carew v. State*, 817 N.E.2d 281, 286 n. 4 (Ind.Ct.App.2004), *trans. denied; Dawson v. State*, 810 N.E.2d 1165, 1172 (Ind.Ct.App.2004), *trans. denied; Cowherd v. State*, 791 N.E.2d 833, 837–38 (Ind.Ct.App.2003), *trans. denied.*

■ Here, again, Lindsey argues that the entire Indiana Penal Code violates the constitutional mandate against vindictive justice. Lindsey does not assert that he received ineffective counsel, nor does he dispute that his current claim was available to him in his prior proceeding. Instead, relying on *Propes*, Lindsey alleges that he is permitted to raise this issue for the first time in his petition for post-conviction relief because it is fundamental error.[2] But as discussed above, the relevant

---

2. Lindsey also cites to *Morse v. State*, 593 N.E.2d 194, 197 (Ind.1992), and *Brown v.*

*State*, 848 N.E.2d 699, 709 (Ind.Ct.App.2006), for support of his assertion that this court will

law on this issue was stated by our Supreme Court in *Bailey* and, more recently, in *Canaan.* Insofar as *Propes* diverges from those two cases, our Supreme Court has clearly—if not expressly—overruled that position.

 A defendant in a post-conviction proceeding may allege a claim of fundamental error only when asserting either (1) "[d]eprivation of the Sixth Amendment right to effective assistance of counsel," or (2) "an issue demonstrably unavailable to the petitioner at the time of his [or her] trial and direct appeal." *Canaan,* 683 N.E.2d at 235 n. 6 (quoting *Bailey,* 472 N.E.2d at 1263) (second alteration original). Neither of those circumstances is present here. Accordingly, Lindsey has waived his claim of error and we must affirm the post-conviction court's denial of his petition for relief.

Affirmed.

DARDEN, J., and BROWN, J., concur.

review a claim of fundamental error. But each of those opinions was on direct appeal. And *Brown* was vacated by our Supreme Court in a grant of transfer. *See* Ind. Appellate Rule 58(A); *Brown v. State,* 868 N.E.2d 464 (Ind.2007).

We also note that, technically, Lindsey could not have raised his argument that the Penal Code is unconstitutional even on direct appeal. "[G]enerally, the failure to file a proper motion to dismiss raising [a] Constitutional challenge [to a criminal statute] waives the issue on appeal." *N.W.W. v. State,* 878 N.E.2d 506, 510 n. 6 (Ind.Ct.App.2007) (quoting *Payne v. State,* 484 N.E.2d 16, 18 (Ind. 1985)) (second alteration original), *trans. denied; see also* Ind.Code § 35–34–1–4(a)(1) (2002).