**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 05 2012, 9:16 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**GEORGE WALKER**
Carlisle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GEORGE WALKER, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1104-PC-419 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Steven R. Eichholtz, Judge
Cause No. 49G20-0503-PC-44252

**July 5, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

George Walker appeals the post-conviction court's order denying his amended petition for post-conviction relief. Walker presents a single issue for review, which we restate as whether the post-conviction court erred when it determined that Walker had not shown ineffective assistance or a deprivation of trial counsel.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On March 17, 2005, the State charged Walker with conspiracy to commit dealing in cocaine, as a Class A felony; dealing in cocaine, as a Class A felony; possession of cocaine, as a Class B felony; and possession of paraphernalia, as a Class A misdemeanor. The State offered a deal under which Walker would plead guilty only to Class A felony dealing in cocaine for a twenty-year sentence. Following negotiations with Walker's counsel from the public defender's office, Scott Reust, the State offered to let Walker plead guilty to Class B felony dealing in cocaine with a fifteen-year sentence. Walker refused that plea deal.

The trial court held a pre-trial hearing on July 12, 2005. Attorney Reust was unable to attend, so Lindsey Schneider, another attorney from the public defender's office, represented Walker at the hearing. At that hearing, the trial court confirmed the plea deadline to be August 9. On August 9, the trial court convened for the plea deadline hearing. Again, Attorney Reust could not attend and Attorney Schneider appeared on behalf of Walker.

Attorney Reust appeared on behalf of Walker at all other pre-trial hearings and at trial. On the morning of trial, the State again offered the plea deal that Reust had previously negotiated, but Walker again declined. Following trial, the jury returned a verdict finding Walker guilty of conspiracy to commit dealing in cocaine, as a Class A felony; dealing in cocaine, as a Class A felony; possession of cocaine, as a Class B felony; and possession of paraphernalia, as a Class A misdemeanor. The trial court entered judgment of conviction accordingly, and this court affirmed the convictions on appeal in Walker v. State, No. 49A02-0511-CR-1076 (Ind. Ct. App. August 29, 2006).

On November 15, 2007, Walker filed a pro se petition for post-conviction relief, and the State filed its answer on December 14.[1] On September 1, 2010, Walker filed a pro se amended petition for post-conviction relief, and on October 15, he filed a supplement to the amended petition. The post-conviction court held an evidentiary hearing on January 21, 2011. On March 22, that court entered its findings of fact and conclusions thereon denying post-conviction relief. Walker now appeals.

## DISCUSSION AND DECSION

In post-conviction appeals, our standard of review is well established:

[T]he petitioner bears the burden of establishing grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); Henley v. State, 881 N.E.2d 639, 643 (Ind. 2008). When appealing the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. Henley, 881 N.E.2d at 643. The reviewing court will not reverse the judgment unless the petitioner shows that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. Id. at 643-44. Further, the post-conviction court in this case made findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6). We will reverse a

---

[1] Walker has not included a copy of these pleadings in the appendix.

3

> post-conviction court's findings and judgment only upon a showing of clear error, which is that which leaves us with a definite and firm conviction that a mistake has been made. Id. at 644. The post-conviction court is the sole judge of the weight of the evidence and the credibility of the witnesses. Fisher v. State, 810 N.E.2d 674, 679 (Ind. 2004). We accept findings of fact unless clearly erroneous, but we accord no deference to conclusions of law. Id.

Taylor v. State, 929 N.E.2d 912, 917 (Ind. Ct. App. 2010), trans. denied.

Walker presented multiple claims for post-conviction relief in his amended petition and the supplement to that petition, but on appeal he asserts a single error. Specifically, Walker does "not contest[] an attorney error, but a denial of his constitutional right to be represented by effective counsel when[] counsel was unexpectedly absent during the critical plea negotiation proceedings which is constitutionally permissible only if there has been a waiver of the right to counsel's presence." Appellant's Brief at 7. Walker's claim is not clear. He is either arguing that the trial court committed fundamental error when it did not obtain a knowing, intelligent, and voluntary waiver from Walker of his right to counsel at two pre-trial hearings when substitute counsel from the public defender's office represented him in lieu of appointed counsel or that his appointed counsel was ineffective for having been absent.[2] We address each contention in turn.

But before we turn to the merits of Walker's claims on appeal, we consider the State's waiver argument. Specifically, the State asserts that the claim or claims asserted on appeal were available but not raised on direct appeal and, therefore, they are waived.

---

[2] The quoted language could also be read to contend that Walker's substitute counsel was ineffective. But Walker made no argument regarding that attorney's representation, either at the post-conviction hearing or in his appellant's brief. Therefore, we conclude that he did not intend to raise that argument. If he did have such an intention, the argument is waived. See Ind. Appellate Rule 46(A)(8)(a).

4

But freestanding claims of fundamental error are available in post-conviction proceedings to the extent they reflect on the performance of counsel. See Bin-Yisrayl v. State, 729 N.E.2d 102, 106 n.1 (Ind. 2000) (allegedly prejudicial pre-trial publicity claim not raised on direct appeal reviewable in post-conviction as it reflects on the performance of counsel); Benefiel v. State, 716 N.E.2d 906, 911 (Ind. 1999) (aspects of aggravators and mitigators not available as free-standing claim but reviewable as they reflect on performance of counsel), cert. denied, 531 U.S. 830 (2000). Walker's claim or claims clearly pertain to the representation or performance of counsel. Therefore, his claims are not waived.

Walker contends that he was deprived of his constitutional right to counsel without a knowing, voluntary, and intelligent waiver when the trial court did not obtain Walker's permission to proceed at two pre-trial hearings in the absence of Walker's appointed counsel. And he asserts that this constitutes fundamental error available for review in post-conviction proceedings. But the fundamental error doctrine as applied in post-conviction proceedings is a misnomer. In Lindsey v. State, we noted that the

> fundamental error exception to the waiver rule in post-conviction proceedings is generally limited to those circumstances set forth in Bailey v. State, 472 N.E.2d 126, 1263 (Ind. 1985): "Deprivation of the Sixth Amendment right to effective assistance of counsel, or . . . an issue demonstrably unavailable to the petitioner at the time of his [or her] trial and direct appeal."

888 N.E.2d 319, 324 (Ind. Ct. App. 2008) (citing Canaan v. State, 683 N.E.2d 227, 235 n.6 (Ind. 1997), cert. denied, 524 U.S. 906 (1998)). The issue of ineffective assistance of counsel, in effect, asserts the deprivation of counsel. See Strickland v. Washington, 466 U.S. 668, 691 ("the right to counsel is the right to effective assistance of counsel")

5

(1984). Walker contends that he was deprived of counsel when his appointed public defender did not attend two hearings. Thus, we consider Walker's deprivation of counsel claim not as fundamental error but, instead, as falling in one of the limited circumstances set forth in <u>Bailey</u>, namely, the right to counsel or effective assistance of counsel.

The post-conviction court concluded that Walker had "offered no evidence in support" of his claim that he was deprived of counsel at a pre-trial hearing, and the record supports that conclusion. Appellant's App. at 52. Attorney Reust was unavailable to attend the July 12, 2005, pre-trial hearing and the August 9, 2005, plea deadline hearing. But Attorney Schneider, also from the public defender's office, represented Walker at those hearings. Walker was clearly represented by counsel when Attorney Reust was absent. As such, the trial court was not required to obtain a waiver of counsel from Walker. Walker's claim that he was denied representation when Attorney Reust was absent from two pre-trial hearings is without merit.

And to the extent Walker contends that he was denied effective representation due to Attorney Reust's absence from two pre-trial hearings, that contention also must fail. On this point the post-conviction court found that Walker

> fail[ed] to show that Mr. Reust was somehow ineffective as counsel because a colleague from his office covered two preliminary court events for him in his absence. There is simply no evidence before the Court to show that [Walker] was somehow prejudiced by Mr. Schneider's participation at the two court events.

Appellant's App. at 49. The record again supports that conclusion. Walker argues that, but for Attorney Reust's absences, Walker would have accepted the State's plea offer. But at the post-conviction hearing, Attorney Reust testified that he had informed Walker

6

of the State's plea offer, both before and after the pre-trial hearings for which counsel was absent.  Indeed, although the later of the two hearings was termed by the trial court a "plea deadline" hearing, Attorney Reust testified that such deadlines were not hard and fast in that court and that the State had renewed its plea offer on the morning of trial.  Each time, Walker refused to accept the offer.  Walker has not shown that Attorney Reust's two absences impacted his decision or opportunity to accept a plea deal.

Walker also made much at the post-conviction hearing of certain case law regarding the entrapment defense that he contends Attorney Reust did not discuss with him but, had he known of such case law, he would have decided to accept the plea deal.  But Attorney Reust testified that he and Walker had discussed the law on that defense "extensively" and he had informed Walker that he would have a hard time prevailing under that defense.  Id. at 22.  Attorney Reust also testified that he had recommended "throughout" the representation that Walker "take the plea."  Id. at 23.  Walker has not shown that Attorney Reust's absence from the two pre-trial hearings, the sole factual basis for his post-conviction claims, affected his decision not to accept the State's plea offer.  Thus, Walker has not demonstrated that he was denied effective assistance of counsel, and his post-conviction claim on that basis must fail.

Affirmed.

RILEY, J., and DARDEN, J., concur.