**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JAMES E. PORTER**
Epstein Cohen Seif & Flora
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SUKHJINDER SINGH, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 47A05-1404-PC-168 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE LAWRENCE SUPERIOR COURT
The Honorable William G. Sleva, Judge
Cause Nos. 47D02-1311-PC-1418, 47D02-1311-PC-1419, and 47D02-1311-PC-1420

**November 26, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Sukhjinder Singh appeals the post-conviction court's denial of his petition for post-conviction relief. Singh raises a single issue for our review, which we restate as the following two issues:

1. Whether he knowingly, voluntarily, and intelligently entered into his guilty plea without an interpreter.

2. Whether he knowingly, voluntarily, and intelligently entered into his guilty plea without an advisement from the trial court of the collateral immigration consequences of his guilty plea.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Singh immigrated to the United States from India in 2009 and is a legal permanent resident of the United States. He has an Indiana driver's license, which required him to pass written tests and oral driving tests that were administered in English. During 2012 and 2013, Singh was the manager of his family's Indiana business. Jennifer Eubanks, an employee at the business, frequently conversed with Singh in English and observed Singh read and write in English. She further observed Singh interact with customers and friends in English and not "in any other language." P-C Tr. at 131. She thought Singh was "talkative" and "talked to everybody." Id.

On October 25, 2012, Officer J.D. England of the Mitchell Police Department initiated a traffic stop of a vehicle driven by Singh. Detective Aaron Shoults of the Lawrence County Sheriff's Department was present with Officer England at the traffic stop. Both Officer England and Detective Shoults communicated with Singh in English and without "any problems." Id. at 162. These communications included advising Singh

2

of his <u>Miranda</u> rights, which Singh stated he understood, and discussing an apparent gun in the back of Singh's car, which Singh explained was actually a toy gun.

On January 22, 2013, Detective Wigley of the Lawrence County Sheriff's Department called Singh following a complaint of sexual battery against Singh. Detective Wigley communicated with Singh in English and asked Singh to come to the Lawrence County Sheriff's Department to discuss the complaint. Following that phone call, Detective Wigley received a phone call from attorney Nick Herthel, who informed Detective Wigley that he was now representing Singh.

On February 15, 2013, Detective Justin Dodd of the Bedford Police Department, along with Detective Shoults, executed a search warrant for Singh's family business. Singh was present and communicated with the detectives in English. Detective Dodd conducted a pat-down of Singh. Detective Dodd asked Singh if there were any objects in Singh's pockets that might stick Detective Dodd during the pat-down. Singh responded that there was, and Detective Dodd found what appeared to be a synthetic drug in Singh's pocket. Detective Shoults drove Singh to the Lawrence County Jail, and during the drive Singh asked Detective Shoults about the arrest.

Singh repeatedly communicated in English at the Lawrence County Jail. Two officers asked Singh, and he answered, standard booking questions relating to his physical and mental health. The officers would have noted in the booking information whether an arrestee had difficulty communicating in English. The officers made no such notation for Singh. While on house arrest for several months thereafter, Singh communicated frequently and exclusively in English with his supervisor. And,

3

throughout his legal proceedings, Singh communicated with Herthel, his attorney, in English. Singh did not suggest, and Herthel saw no need for, an interpreter.

On June 3, 2013, Singh pleaded guilty to dealing in a synthetic drug, as a Class D felony; possession of a synthetic drug, as a Class D felony; and battery, as a Class B misdemeanor, each of which was under a separate cause number. At his ensuing guilty plea hearing, the parties and the court communicated exclusively in English. Singh established a factual basis for his plea in English. The court read, and Singh acknowledged, his rights in English. The court asked Singh questions in English, and he responded appropriately, in English.

Following the trial court's acceptance of Singh's guilty plea, on October 18, 2013, officers from Immigration and Customs Enforcement detained Singh. He now faces deportation as a result of his Indiana convictions. At no time prior to his detention by the United States was Singh informed of the immigration consequences of his guilty plea.

On November 19, 2013, Singh filed his petition for post-conviction relief, which he later amended. According to Singh's amended petition, he did not enter into his guilty plea knowingly, voluntarily, or intelligently because he did not have an interpreter present during his guilty plea hearing and, alternatively, because he was not informed of the potential immigration consequences of his guilty plea. And Singh expressly disavowed any claims that he did not receive the effective assistance of counsel in his amended petition. After an evidentiary hearing, the post-conviction court entered findings of fact and conclusions of law in which the court rejected Singh's arguments. This appeal ensued.

4

## DISCUSSION AND DECISION

## Overview

Singh appeals the post-conviction court's denial of his petition for post-conviction relief. Our standard of review in such appeals is clear:

> [The petitioner] bore the burden of establishing the grounds for post-conviction relief by a preponderance of the evidence. See Ind. Post-Conviction Rule 1(5); Timberlake v. State, 753 N.E.2d 591, 597 (Ind. 2001). Post-conviction procedures do not afford a petitioner with a super-appeal, and not all issues are available. Timberlake, 753 N.E.2d at 597. Rather, subsequent collateral challenges to convictions must be based on grounds enumerated in the post-conviction rules. Id. If an issue was known and available, but not raised on direct appeal, it is waived. Id. If it was raised on appeal, but decided adversely, it is res judicata. Id.
>
> In reviewing the judgment of a post-conviction court, appellate courts consider only the evidence and reasonable inferences supporting the post-conviction court's judgment. Hall v. State, 849 N.E.2d 466, 468 (Ind. 2006). The post-conviction court is the sole judge of the evidence and the credibility of the witnesses. Id. at 468-69. Because he is now appealing from a negative judgment, to the extent his appeal turns on factual issues [the petitioner] must convince this court that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. See Timberlake, 753 N.E.2d at 597. We will disturb the decision only if the evidence is without conflict and leads only to a conclusion contrary to the result of the post-conviction court. Id.

Lindsey v. State, 888 N.E.2d 319, 322 (Ind. Ct. App. 2008), trans. denied.

In his petition for post-conviction relief, Singh argued that his guilty plea should be set aside because he did not knowingly, voluntarily, and intelligently enter into the plea. In particular, Singh asserted that he was entitled to an interpreter at his guilty plea hearing and that he was not properly advised of the immigration consequences of his guilty plea. We address each issue in turn.

5

## Issue One:  Interpreter

Singh first asserts that he did not enter into his guilty plea knowingly, voluntarily, and intelligently because he does not understand English and he did not have an interpreter present at his guilty plea hearing.  The post-conviction court rejected Singh's argument after it found that he did understand English, which the court based on the testimony of numerous police officers, Singh's attorney, an employee at Singh's family business, and the court's own interaction with Singh at the guilty plea hearing.  Singh's argument on appeal is merely a request for this court to reweigh that evidence, which we will not do.  We affirm the post-conviction court on this issue.

## Issue Two:  Immigration Consequences Advisement

Singh also asserts that he did not enter into his guilty plea knowingly, voluntarily, and intelligently because he was not advised of the possible immigration consequences of his guilty plea.  But despite the recent holding of the United States Supreme Court that this failure might demonstrate ineffective assistance of trial counsel, Padilla v. Kentucky, 559 U.S. 356 (2010),[1] Singh expressly disavowed any claim of ineffective assistance of counsel in his amended petition for post-conviction relief, Appellant's App. at 69.  Instead, he argues only that he "was not advised at any time by . . . the trial court that pleading guilty would result in his removal from the United States."  Appellant's Br. at 11-12 (emphasis added).

Singh's argument is not supported by Indiana law.  This court has long held that "the trial court [is] not required to advise the accused of the collateral consequences of

---

[1]  The failure of an attorney to advise a client of the possible immigration consequences of a guilty plea has been recognized as a potential basis for ineffective assistance of counsel in Indiana for at least twenty years.  Williams v. State, 641 N.E.2d 44, 48 (Ind. Ct. App. 1994), trans. denied.

his plea." Williams v. State, 641 N.E.2d 44, 47 (Ind. Ct. App. 1994), trans. denied. Indeed, in Williams we expressly held that we would not "impose upon the courts the additional duty of inquiring into the citizenship and immigration status of criminal defendants." Id.; see also Trujillo v. State, 962 N.E.2d 110, 117 (Ind. Ct. App. 2011) ("We agree with this aspect of Williams."). And Singh's reliance on case law on appeal is misplaced because the cases on which he relies discuss issues of effective assistance of counsel, not a trial court's obligations during a guilty plea hearing. Accordingly, Singh's argument must fail. We affirm the judgment of the post-conviction court.

Affirmed.

BAILEY, J., and PYLE, J., concur.